IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

Civil Action No.: 5:11-cv-00051-F

| | |
|---|---|
| BAC HOME LOANS SERVICING, LP F/K/A COUNTRYWIDE HOME LOANS SERVICING, LP, <br><br> Plaintiff, <br><br> vs. <br><br> IVAN POWELL; CANDACE POWELL; CARLTON GROUP OF NORTH CAROLINA, LLC; CARLTON CONSTRUCTION CORP. PENSION FUND; MURDOCK AND GANNON CONSTRUCTION, INC.; UNITED STATES DEPARTMENT OF HOUSING & URBAN DEVELOPMENT; NATIONWIDE TRUSTEE SERVICES, INC; CACH, LLC; GRANITE RIDGE SUBDIVISION HOMEOWNERS ASSOCIATION, INC., <br><br> Defendants. | **CONSENT ORDER RELATIVE TO DEFENDANT UNITED STATES DEPARTMENT OF HOUSING & URBAN DEVELOPMENT** |

Plaintiff has filed the above-styled action seeking both reformation of instruments of title relative to that certain real property located at 2701 Cabochon Diamond Court, Raleigh, North Carolina 27601 (hereinafter "the property") and an order of judicial foreclosure pursuant to a default by Defendants Ivan Powell and Candace Powell under payment obligations set forth in a Promissory Note (hereinafter "the Note") and a Deed of Trust (hereinafter "the DOT") of both of

which Plaintiff is the current holder of record.

IT APPEARING TO THE COURT that Plaintiff and Defendant United States Department of Housing & Urban Development have reached an agreement in this matter and that all parties by the signature or signatures of their authorized principal(s) or counsel below hereby indicate their intention and consent to be bound by this interlocutory Consent Order and the terms herein contained; and now, therefore, it is hereby

ORDERED AND ADJUDGED that as between Plaintiff and Defendant United States Department of Housing & Urban Development, the Plaintiff shall be entitled, in a final judgment in the above-styled action, to the following relief:

1. The property description set forth in that certain Warranty Deed recorded at Book 9100, Page 1251 of the Wake County, N.C. Registry of Deeds ("Warranty Deed No. 1") shall be reformed so that said description shall read as follows:

> "Being all of Lot 109 Granite Ridge Subdivision, Phase Two, as shown on plat recorded in Book of Maps 2001, Page 1322, Wake County Registry."

Warranty Deed No. 1 as reformed shall be declared to have transferred the Property as of the date and time of its recording in the Wake County, N.C. Registry of Deeds, which was October 2, 2001 at 12:03:51.

2. The property description set forth in that certain Warranty Deed recorded at Book 9100, Page 1255 of the Wake

County, N.C. Registry of Deeds ("Warranty Deed No. 2") shall be reformed so that said description shall read as follows:

> "Being all of Lot 109 Granite Ridge Subdivision, Phase Two, as shown on plat recorded in Book of Maps 2001, Page 1322, Wake County Registry."

Warranty Deed No. 2 as reformed shall be declared to have transferred the Property as of the date and time of its recording in the Wake County, N.C. Registry of Deeds, which was October 2, 2001 at 12:03:51.

3. The property description set forth in that certain Warranty Deed recorded at Book 9481, Page 1630 of the Wake County, N.C. Registry of Deeds ("Warranty Deed No. 3") shall be reformed so that said description shall read as follows:

> "Being all of Lot 109 Granite Ridge Subdivision, Phase Two, as shown on plat recorded in Book of Maps 2001, Page 1322, Wake County Registry."

Warranty Deed No. 3 as reformed shall be declared to have transferred the Property as of the date and time of its recording in the Wake County, N.C. Registry of Deeds, which was July 2, 2002 at 10:38:04.

4. The property description set forth in that certain Deed of Trust recorded at Book 9481, Page 1633 of the Wake County, N.C. Registry of Deeds ("the DOT") shall be reformed so that said description shall read as follows:

> "Being all of Lot 109 Granite Ridge Subdivision, Phase Two, as shown on plat recorded in Book of Maps 2001, Page 1322, Wake County Registry."

The Deed of Trust as reformed shall be declared to be a valid and enforceable lien upon the Property and shall further be declared to have priority over all other liens and encumbrances as of the date and time of its recording in the Wake County, N.C. Registry of Deeds, which was July 2, 2002 at 10:38:04.

5. Plaintiff, by and through its Substitute Trustee, Nationwide Trustee Services, Inc., acting as Commissioner shall be authorized to conduct a judicial foreclosure sale of the fee interest in the property, subject to any prior liens, and pursuant and in accordance with Article 29A, Chapter 1 of the North Carolina General Statutes (Sections 1-339 *et. seq.*).

6. The judicial foreclosure sale of the Property shall take place at a public auction to the highest bidder at the Wake County Courthouse, North Carolina, with a deposit of cash or certified funds upon the close of the bidding in the amount of ten percent of the final bid.

7. After the judicial foreclosure has been finalized and completed pursuant to North Carolina law, the highest bidder at the foreclosure sale may apply for a Writ of Possession and, after said application has been filed and the ten day period has elapsed, a Writ of Possession shall be

- 4 -

Case 5:11-cv-00051-F   Document 66   Filed 05/17/12   Page 4 of 6

granted to the highest bidder at the foreclosure sale. Plaintiff shall notify Defendant of the completion of the foreclosure and shall provide a copy of the final report of sale.

8. A certified copy of the final judgment entered in the above-styled action shall be recorded in the Wake County, N.C. Registry of Deeds and shall cross reference:

(a) Warranty Deed No. 1 recorded on October 2, 2001 at Book 9100, Page 1251;

(b) Warranty Deed No. 2 recorded on October 2, 2001 at Book 9100, Page 1255;

(c) Warranty Deed No. 3 recorded on July 2, 2002 at Book 9481, Page 1630; and,

(d) the Deed of Trust recorded on July 2, 2002 at Book 9481, Page 1633.

Dated this 17th day of May, 2012.

_James C. Fox_
JAMES C. FOX
SENIOR UNITED STATES DISTRICT JUDGE

(additional signatures on following page)

Prepared, presented and consented to by:

/s/ Andrew R. Bickwit
Andrew R. Bickwit
JOHNSON & FREEDMAN, LLC
1587 Northeast Expressway
Atlanta, Georgia 30329
Phone: (678) 298-8837
Fax: (404) 329-8048
ARBickwit@jflegal.com
N.C. Bar No. 13255
Attorney for Plaintiff


Consented to by:

THOMAS G. WALKER
United States Attorney

/s/ Seth M. Wood
Seth M. Wood

Assistant United States Attorney
Civil Division
310 New Bern Avenue, Suite 800
Raleigh, North Carolina 27601-1461
Phone: (919) 856-4530
Fax: (919) 856-4821
seth.wood@usdoj.gov
D.C. Bar No. 491011
Attorney for Defendant United States Department of Housing & Urban Development